570 So.2d 990 (1990)
David M. SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1508.
District Court of Appeal of Florida, First District.
August 13, 1990.
Sharon Bradley of Daley and Miller, Tallahassee, for appellant.
James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Appellant moves for clarification of this court's order striking appellant's brief. We grant the motion.
Appellant appeals an order of the trial court which denied his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Upon receipt of appellant's initial brief, this court, sua sponte, struck appellant's brief because it failed to comply with the requirements of Florida Rule of Appellate Procedure 9.210(b), as there were no citations to the record on appeal. The court's order striking appellant's brief gave appellant 10 days to file an amended brief which complied with the rule. Appellant has responded with a motion for clarification of the order striking the brief. Appellant asserts that the brief did not contain citations to the record because the record was not prepared in accordance with Florida Rules of Appellate Procedure 9.200(d)(1)(B) and 9.200(d)(2); specifically, the record was not indexed and the pages were not numbered. Appellant asks this court to clarify its order to specify how citations to the record *991 should be made in the brief when the record is not indexed nor the pages numbered. Alternatively, appellant asks that the brief be accepted as filed because the record on appeal is not lengthy.
The incorrectly prepared record is the result of the clerk of the lower tribunal's incorrect interpretation of Florida Rule of Appellate Procedure 9.140(g)[1]. That rule provides in pertinent part:
The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required.
Thus, the rule limits the items included in the record[2] and establishes a different time period for transmittal of the record to this court. But, the rule does not dispense with the other requirements for preparation of the record as specified in Rule 9.200, such as numbering the pages and indexing.
Accordingly, the clerk of the lower tribunal is ordered to within 15 days of the date of this order prepare and transmit to this court an amended record in which the pages are numbered and which has an index. The clerk shall provide the parties with a copy of the index. Appellant shall, within 10 days of the service by the clerk of the index, file an amended brief which contains appropriate citations to the record.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.
NOTES
[1] Appellant represents that he attempted to have the record corrected but was told by the clerk of the lower tribunal that in appeals involving Rule 3.850 the record is not prepared in the same manner as a "regular" appeal. We accept appellant's representation because this is not an isolated case of the record being improperly prepared.
[2] Although not clearly specified in Rule 9.140, when the trial court denies the motion because a portion of the record conclusively demonstrates the prisoner is not entitled to relief, that portion of the record should also be included in the record on appeal.