709 So.2d 135 (1998)
Myron FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04971.
District Court of Appeal of Florida, Second District.
January 23, 1998.
Opinion on Denial of Rehearing March 13, 1998.
PER CURIAM.
Affirmed.
BLUE, A.C.J., and FULMER and NORTHCUTT, JJ., concur.

ON MOTION FOR REHEARING
Myron Fleming argues in his motion for clarification of this court's affirmance of his summary appeal, brought pursuant to Florida Rule of Appellate Procedure 9.140(i), that he was denied an opportunity to file a brief and thus deprived of procedural due process. In support of this claim he cites Summers v. State, 570 So.2d 990 (Fla. 1st DCA 1990),[1] in which that court determined that summary records prepared by the circuit court clerk under the then-operative rule, 9.140(g), must be paginated and indexed according to the requirements of rule 9.200(d). Fleming asserts that he was awaiting the index from the circuit court clerk to enable him to file a brief with proper citations to the record as required by rule 9.210(b) when he received this court's written decision affirming the trial court's denial of his postconviction motion.
Summary records are forwarded to the appellate court without a copy being provided to appellants because these records consist of documents all within the appellant's possession: the original motion, the order summarily denying same, often with attachments, and frequently a motion for rehearing and an order addressing this motion. With such a limited record this court does not require, nor do we believe the rules contemplate, the assistance of an index to the record.
Briefs in summary appeals are now governed by rule 9.140(i) and must be filed with the appellate court within fifteen days of the filing of the notice of appeal. We decline to apply the requirements of Summers under this amended version of the rule because to do so would require that the clerk index and paginate the record and send it to appellant, who would then be required to file a brief, all within fifteen days of the filing of the notice *136 of appeal. No clerk in this district regularly prepares summary records in this fashion and we do not believe the rules intend that summary records be paginated and indexed.
Fleming concedes that the fifteen-day requirement for submission of briefs in summary appeals postdates former rule 9.140(g), which was the subject of Summers. He made no effort to seek an extension of time for the filing of his brief; neither did he file a motion asking this court how he should reconcile the new fifteen-day time requirement with Summers. Instead he waited until after his appeal had been unsuccessfully determined to point out this apparent anomaly in the rules and the case law. We determine, therefore, that he waived his right to file a brief, and we deny his motion for rehearing.
CAMPBELL, A.C.J., and FULMER and QUINCE, JJ., concur.
NOTES
[1] We have found no cases subsequent to Summers v. State, 570 So.2d 990 (Fla. 1st DCA 1990), that have cited to or applied the procedures set forth in that opinion.