992 So.2d 233 (2008)
In re AMENDMENTS TO FLORIDA RULE OF APPELLATE PROCEDURE 9.141.
No. SC08-1226.
Supreme Court of Florida.
September 25, 2008.
John Stewart Mills, Chair, Florida Rules of Appellate Procedure Committee, Jacksonville, Florida, for Petitioner.
PER CURIAM.
Pursuant to our opinion in Sims v. State, No. SC05-400, ___ So.2d ___, 2008 WL *234 4354880 (Fla. Sept. 25, 2008), the Court on its own motion amends Florida Rule of Appellate Procedure 9.141(c) to clarify the procedure for seeking belated discretionary review or belated appeal in this Court. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d).
Accordingly, Florida Rule of Appellate Procedure 9.141(c) is amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon the release of this opinion. Because the Court did not publish the amendment for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
QUINCE, C.J., and ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J., and CANTERO, Senior Justice, concur.
WELLS, J., dissenting.
For the reasons stated in the dissent in Sims v. State, No. SC05-400, ___ So.2d ___, 2008 WL 4354880 (Fla. Sept. 25, 2008), I do not agree that this Court has jurisdiction to hear belated petitions for discretionary review. It has been only recently that the Court has begun accepting belated petitions. Thus, there has been no need for the Appellate Rules to contain a provision for a belated filing in this Court. My concern is that nothing has changed in the Florida Constitution to support this expansion of the Court's jurisdiction, but now there will be an expansion of our jurisdiction by rule.
I also do not believe that there are any circumstances in respect to this matter that necessitate the Court not following its usual procedure of referring proposed rules to the Appellate Rules Committee for its consideration and for a report by that Committee.
BELL, J., and CANTERO, Senior Justice, concur.

APPENDIX
Rule 9.141. Review Proceedings in Collateral or Post-Conviction Criminal Cases; Belated Appeals or Ineffective Assistance of Appellate Counsel
(a) Death Penalty Cases. This rule does not apply to death penalty cases.
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853.
(1) Applicability of Civil Appellate Procedures. Appeal proceedings under this subdivision shall be as in civil cases, except as modified by this rule.
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
(A) When a motion for post-conviction relief under rule 3.800(a), 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, *235 reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.
(B) Unless directed otherwise by the court, the clerk of the lower tribunal shall not index or paginate the record or send copies of the index or record to the parties.
(C) No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling.
(D) On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.
(3) Grant or Denial of Motion after Evidentiary Hearing.
(A) Transcription. In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.850 or 3.853 appeal after an evidentiary hearing shall serve as the designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal shall request the appropriate court reporter to transcribe the evidentiary hearing and shall send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.
(B) Record.
(i) When a motion for post-conviction relief under rule 3.850 or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and transmit to the court as the record, within 50 days of the filing of the notice of appeal, copies of the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the original transcript of the evidentiary hearing.
(ii) Appellant may direct the clerk to include in the record any other documents that were before the lower tribunal at the hearing. If the clerk is directed to include in the record a previously prepared appellate record involving the appellant, the clerk need not reindex or repaginate it.
(iii) The clerk of the lower tribunal shall serve copies of the record on the attorney general (or state attorney in appeals to the circuit court), all counsel appointed to represent indigent defendants on appeal, and any pro se indigent defendant. The clerk of the lower tribunal shall simultaneously serve copies of the index on all nonindigent defendants and, at their request, copies of the record or portions of it at the cost prescribed by law.
(C) Briefs. Initial briefs shall be served within 30 days of service of the record or its index. Additional briefs shall be served as prescribed by rule 9.210.
(c) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
(1) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
(2) Forum. Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken.
(3) Contents. The petition shall be in the form prescribed by rule 9.100, may *236 include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal's order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
(C) the nature, disposition, and dates of all previous proceedings in the lower tribunal and, if any, in appellate courts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific acts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
(4) Time Limits.
(A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
(B) A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C) Time periods under this subdivision shall not begin to run prior to January 1, 1997.
(5) Procedure.
(A) The petitioner shall serve copies of the petition on the attorney general and state attorney.
(B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
(C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
(D) An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed.
(6) Supreme Court. Petitioners seeking belated discretionary review or belated appeal in the supreme court shall follow procedures prescribed in this rule.

Committee Notes
2000 Amendment. Rule 9.141 is a new rule governing review of collateral or post-conviction criminal cases. It covers topics formerly included in rules 9.140(i) and (j). The committee opted to transfer these subjects to a new rule, in part because rule 9.140 was becoming lengthy. In addition, review proceedings for collateral criminal cases are in some respects treated as civil appeals or as extraordinary writs, rather than criminal appeals under rule 9.140.
Subdivision (a) clarifies that this rule does not apply to death penalty cases. The Supreme Court has its own procedures for these cases, and the committee did not attempt to codify them.
*237 Subdivision (b)(2) amends former rule 9.140(i) and addresses review of summary grants or denials of post-conviction motions under Florida Rules of Criminal Procedure 3.800(a) or 3.850. Amended language in subdivision (b)(2)(A) makes minor changes to the contents of the record in such cases. Subdivision (b)(2)(B) addresses a conflict between Summers v. State, 570 So.2d 990 (Fla. 1st DCA 1990), and Fleming v. State, 709 So.2d 135 (Fla. 2d DCA 1998), regarding indexing and pagination of records. The First District requires clerks to index and paginate the records, while the other district courts do not. The committee determined not to require indexing and pagination unless the court directs otherwise, thereby allowing individual courts to require indexing and pagination if they so desire. Subdivision (b)(2)(B) also provides that neither the state nor the defendant should get a copy of the record in these cases, because they should already have all of the relevant documents. Subdivision (b)(2)(D) reflects current case law that the court can reverse not only for an evidentiary hearing but also for other appropriate relief.
Subdivision (b)(3) addresses review of grants or denials of post-conviction motions under rule 3.850 after an evidentiary hearing. Subdivision (b)(3)(A) provides for the preparation of a transcript if an indigent pro se litigant fails to request the court reporter to prepare it. The court cannot effectively carry out its duties without a transcript to review, and an indigent litigant will usually be entitled to preparation of the transcript and a copy of the record at no charge. See Colonel v. State, 723 So.2d 853 (Fla. 3d DCA 1998). The procedures in subdivisions (b)(3)(B) and (C) for preparation of the record and service of briefs are intended to be similar to those provided in rule 9.140 for direct appeals from judgments and sentences.
Subdivision (c) is a slightly reorganized and clarified version of former rule 9.140(j). No substantive changes are intended.
NOTES
[1] An original and nine paper copies of all comments must be filed with the Court on or before November 24, 2008, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup. Ct.).