PER CURIAM.
 

 Upon its own motion, the Court amends Florida Rule of Criminal Procedure 3.851 and Florida Rule of Appellate Procedure 9.142.
 
 [1]
 
 In doing so, we clarify that, as is the case with rule 3.850, belated appeals may under specifically narrow circumstances be sought from the denial of rule 3.851relief.
 

 The counterpart to rule 3.851, rule 3.850, provides for postconviction relief in non-capital cases and, under subdivision (g), authorizes seeking belated appeals from the denial of rule 3.850 motions. To reflect a comparable procedure to seek a belated appeal in capital cases, we amend rule 3.851 to include subdivision <j), providing that “[a] petitioner may seek a belated appeal upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner’s motion for postconviction relief and counsel, through neglect, failed to do so.”
 

 Rule 9.141(c)(4) refines the belated appeal provision of rule 3.850(g), setting forth a time limit for making the request, and qualifying the circumstances that support an exception to the time limit. In turn, we amend rule 9.142 to qualify the circumstances upon which a belated appeal may be sought in a capital postconviction case. Specifically, a petitioner under a sentence of death, seeking to bring a belated appeal from the denial of rule 3.851 relief, must file the petition within one year after the expiration of time for filing a timely notice of appeal. Fla. R.App. P. 9.142(d). An exception to that one-year period exists upon an allegation, made under oath and on a sufficient factual basis, that the petitioner was unaware the appeal had not been timely filed or that he or she had not been advised of the right to appeal, and could not have ascertained those facts through the exercise of reasonable diligence.
 

 Florida Rule of Criminal Procedure 3.851and Florida Rule of Appellate Procedure 9.142 are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective immediately upon the release of this opinion. In addition, we refer rules 3.850(g) and 3.851(j) to The Florida Bar’s Criminal Procedure Rules Committee, and rules 9.141(c) and 9.142(d) to The Florida Bar’s Appellate Procedure Rules Committee, for joint consideration by the committees, in conjunction with the consideration of the specified rules also to be done by the Florida Supreme Court Criminal Court Steering Committee. The committees, in preparing one joint report, should consider procedural matters pertaining to belated appeals, including, but not limited to, the placement of the provisions authorizing belated appeals, the need for cross-referenc
 
 *164
 
 ing the corresponding rules to the extent the rules remain in both the criminal and appellate rules, and time limits for seeking a belated appeal.
 
 See
 
 § 924.09, Fla. Stat. (2008) (“An appeal may be taken by the defendant only within the time provided by the Florida Rules of Appellate Procedure after the judgment, sentence, or order appealed from is entered .... ”).
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
 

 POLSTON, J., did not participate.
 

 APPENDIX
 

 RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
 

 (a)-(i) [No change]
 

 (j) Belated Appeals. Pursuant to the procedures outlined in Florida Rule of Appellate Procedure 9.142(d), a petitioner may seek a belated appeal upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner’s motion for postconviction relief and counsel, through neglect, failed to do so.
 

 Court Commentary
 

 [No Change]
 

 RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
 

 (a)-(c) [No change]
 

 (d) Petitions Seeking Belated Appeal. A petition for belated appeal shall not be filed more than 1 year after the expiration of time for filing the notice of appeal from a final order denying rule 3.851 relief, unless it alleges under oath with a specific factual basis that the petitioner
 

 (1) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
 

 (2) should not have ascertained such facts by the exercise of reasonable diligence.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d).