PER CURIAM.
Pursuant to comments filed following issuance of our opinion in In re Amendments to Florida Rule of Appellate Procedure 9.14.1, 992 So.2d 233 (Fla.2008) (“Amendments ”), we amend Florida Rule of Appellate Procedure 9.141(c) to clarify the procedure for seeking belated discretionary review or belated appeal of a district court decision. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Court in Amendments adopted sua sponte an amendment to rule 9.141(c), Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Coun *169 sel, which extended the existing rule to include petitioners seeking belated discretionary review or belated appeal in this Court:
(6) Supreme Court. Petitioners seeking belated discretionary review or belated appeal in the supreme court shall follow procedures prescribed in this rule.
992 So.2d at 236. Interested persons were given sixty days to file comments, and the Appellate Court Rules Committee (Rules Committee) of The Florida Bar has filed a comment.
The Rules Committee recommends that rule 9.141 be revised to clarify whether certain provisions contained therein are or are not applicable to petitions for discretionary review. Second, the Rules Committee suggests that the Court consider adopting a court commentary specifically referring to Sims v. State, 998 So.2d 494 (Fla.2008). Third, the Rules Committee notes that with these changes, the Criminal Practice Subcommittee of the Rules Committee has determined that subdivision (c) may benefit from a more comprehensive revision. Unless directed otherwise by the Court, the Rules Committee states that it will review rule 9.141(c) in its entirety to explore potential revisions. The Rules Committee’s Criminal Practice Subcommittee anticipates having a specific proposal ready for consideration and approval by the full Committee no later than the June 2009 Annual Meeting of The Florida Bar. Any proposals passed by the Committee will be proposed in an out-of-cycle report.
Based on the above comment, we amend Florida Rule of Appellate Procedure 9.141 as set forth in the appendix below. New language is underscored; deleted language is struck-through. The amendment shall become effective immediately upon release of this opinion. The Appellate Court Rules Committee may pursue its planned comprehensive review of rule 9.141 and file its out-of-cycle report and proposals with the Court no later than October 1, 2009.
It is so ordered.
QUINCE, C.J., WELLS, PARIENTE, LEWIS, CANADY, and POLSTON, JJ., and ANSTEAD, Senior Justice, concur.
APPENDIX
Rule 9.141. Review Proceedings in Collateral or Post-Conviction Criminal Cases; Belated Appeals; or-Belated Discretionary Review; Ineffective Assistance of Appellate Counsel
(a)-(b) [No change]
(c) Petitions Seeking Belated Appeal or Belated Discretionary Review or Alleging Ineffective Assistance of Appellate Counsel.
(1) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
(2) Forum. Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken. Petitions seeking belated discretionary review or belated appeal of a decision of a district court of appeal shall be filed in the supreme court.
(3) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal’s order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
*170 (C) the nature, disposition, and dates of all previous court proceedings in the lower tribunal and, if-any, in appellate cour-ts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal or belated discretionary review, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
(4)Time Limits.
(A) A petition for belated appeal or belated discretionary review shall not be filed more than 2 years after the expiration of time for filing the notice of appeal or notice to invoke discretionary jurisdiction from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an-a notice of appeal or a notice to invoke discretionary jurisdiction had not been timely filed or was not advised of the right to an appeal or to seek discretionary review pro se; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
(B) A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C)Time periods under this subdivision shall not begin to run prior to January 1,1997.
(5) Procedure.
(A) The petitioner shall serve copies of the petition on the attorney general and state attorney.
(B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
(C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
(D) An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed. An order granting a petition for belated discretionary review or belated appeal of a decision of a district court of appeal shall be filed with the district court and treated as a notice to invoke discretionary jurisdiction or notice of appeal, if no previous notice has been filed.
(6) Supreme Court, — Petitioners seeking belated discretionar-y review-or belated-appeal in the supreme cour-t-shall ■ follow procedures prescribed in this rule.
Committee Notes
2000 Amendment. [No change]