PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to Florida Rules of Criminal Procedure 3.850 and 3.851, and Florida Rules of Appellate Procedure 9.141 and 9.142. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 In
 
 In re Amendments to Florida Rule of Criminal Procedure 3.851 & Florida Rule of Appellate Procedure 9.142,
 
 1 So.3d 163 (Fla.2008), the Court amended rule 3.851, adding subdivision (j), thereby clarifying that belated appeals may be sought from the denial of a postconviction motion under rule 3.851 under specific narrow circumstances.
 
 [1]
 
 Additionally, the Court amended rule 9.142, adding subdivision (d), specifically identifying the circumstances in which a motion for belated appeal may be brought.
 
 [2]
 

 On the basis of that decision, the Court referred the matter to the chairs of The Florida Bar’s Criminal Procedure Rules Committee, The Florida Bar’s Appellate Procedure Rules Committee, and the Florida Supreme Court Criminal Court Steering Committee. The Court directed that
 

 
 *736
 
 [t]he committees, in preparing one joint report, should consider procedural matters pertaining to belated appeals, including, but not limited to, the placement of the provisions authorizing belated appeals, the need for cross-referencing the corresponding rules to the extent the rules remain in both the criminal and appellate rules, and time limits for seeking a belated appeal.
 
 See
 
 § 924.09, Fla. Stat. (2008) (“An appeal may be taken by the defendant only within the time provided by the Florida Rules of Appellate Procedure after the judgment, sentence, or order appealed from is entered.... ”).
 

 In re Amendments to Fla. Rule of Crim. Pro. 3.851,
 
 1 So.3d at 163-64.
 

 Pursuant to that referral, the three committees formed a Belated Criminal Appeals Joint Committee (Joint Committee),
 
 [3]
 
 and subsequently filed an out-of-cycle report. The Joint Committee has proposed amendments to rules 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), 3.851 (Collateral Relief After Death Sentence Has Been Imposed and Affirmed on Direct Appeal), 9.141 (Review Proceedings in Collateral or Post-Conviction Criminal Cases; Belated Appeals; Belated Discretionary Review; Ineffective Assistance of Appellate Counsel), and 9.142 (Procedures for Review in Death Penalty Cases). The report reflects the collaborative effort of the members of the three committees constituting the Joint Committee and approved by each of the individual committees. In addition, the Criminal Procedure Rules Committee included additional unrelated proposals to amend rule 3.850. The proposed amendments to rules 3.850, 3.851, 9.141, and 9.142 were published by the Court in the November 15, 2009, edition of
 
 The Florida Bar News.
 
 Two comments were filed in response to the Joint Committee’s proposals. We address the rule amendments in chronological order.
 

 Rule 3.850 — Motion to Vacate, Set Aside, or Correct Sentence
 

 Rule 3.850(b) is amended to remove language pertaining to the time limitation for seeking postconviction relief under the rule in capital cases; rule 3.851, pertaining to cases where a death sentence has been imposed, includes its own time limitation provision, in subdivision (d).
 

 With respect to the time limitation for seeking postconviction relief in noncapital cases, rule 3.850(b) is amended as follows. First, we amend subdivision (b)(1) to include the requirement that any motion under the rule based upon a claim previously unknown to the defendant or his counsel that could not have been ascertained through the exercise of due diligence must be filed within two years of when the facts were or could have been discovered through due diligence. Subdivision (b)(2) adds the requirement that for any motion raising a claim of a fundamental right held retroactive which was not established within the time for seeking postconviction relief, the rule 3.850 motion must be filed within two years of the date of the mandate of the decision announcing retroactivity. Lastly, subdivision (b)(3) adds an additional two-year limitation period to the original period for seeking postconviction relief under the rule for motions alleging that the defendant retained counsel to file a timely rule 3.850 motion and counsel, through neglect, failed to file the motion.
 

 Rule 3.850(c), pertaining to the contents of the postconviction motion, is amended to reflect that under the rule, the motion
 
 *737
 
 shall be typewritten or hand-written in legible block letters, in blue or black ink, double-spaced, with margins no less than one inch, on white eight and one-half by eleven-inch paper. In addition, the motion, including any memorandum of law, shall not exceed fifty pages without leave of the court upon a showing of good cause.
 

 We amend rule 3.850(g) (Appeal; Rehearing; Service on Movant) by separating out the three subject areas into individual subdivisions (g), (h), and (i). Under subdivision (g), the term “Movant” is replaced by “Parties,” as the rule requires service by the clerk of court on the parties, rather than only on the prisoner. Service also includes all orders pertaining to the post-conviction motion, rather than only orders denying a rule 8.850 motion or motion for rehearing. Under new subdivision (h), any party may file a motion for rehearing. New subdivision (i) amends the provisions that previously pertained to appeals in rule 3.850 proceedings. Included is the requirement that nonfinal orders expressly provide the following language: “This order is a nonfinal, nonappealable order.” These provisions clarify the various procedures and obligations under rule 3.850 upon issuance of an order.
 

 New subdivision (j) identifies the circumstances for seeking a belated appeal and cross-references rule 9.141; the Court modifies the Joint Committee’s proposal by limiting the subdivision to reference the appellate rule governing the procedures for seeking such relief. The Court also modifies the Joint Committee’s proposal to include new subdivision (k) (Belated Discretionary Review), which similarly cross-references rule 9.141.
 

 Former subdivision (h) (Habeas Corpus) is redesignated subdivision
 
 (l)
 
 in keeping with the Court’s amendments to rule 3.850.
 

 The Joint Committee’s last proposed amendment to rule 3.850 provides for sanctions under certain circumstances. In light of section 944.279(1), Florida Statutes (2010), we adopt new subdivision (m)
 
 [4]
 
 as modified. Under section 944.279(1), a prisoner is subject to possible discipline upon certification by a court that a claim or proceeding is either frivolous or malicious.
 
 [5]
 
 Accordingly, rule 3.850(m), as adopted, addresses the procedure a court may follow in the event of a malicious or frivolous action, either on a party’s motion or on the court’s own motion.
 

 Rule 3.851 — Collateral Relief After Death Sentence Has Been Imposed and Affirmed on Direct Appeal
 

 Rule 3.851 is amended to add new subdivision (f)(8) (Appeals), while subdivision (j) (Belated Appeals) is stricken. Subdivision (f)(8) as amended includes the provision
 
 *738
 
 from subdivision (j) concerning belated appeals and addresses the general right to appeal not previously included in rule 3.851. These amendments better organize the rule.
 

 Rule 9.141 — Review Proceedings in Collateral or Post-Conviction Criminal Cases; Belated Appeals; Belated Discretionary Review; Ineffective Assistance of Appellate Counsel
 

 Under rule 9.141, we amend subdivision (c) (Petitions Seeking Belated Appeal or Belated Discretionary Review or Alleging Ineffective Assistance of Appellate Counsel) by limiting the provision for seeking belated review. Accordingly, rule 9.141(c) governs petitions for belated appeal and belated discretionary review. A new subdivision (d) (Petitions Alleging Ineffective Assistance of Appellate Counsel) is added to rule 9.141. This subdivision pertains specifically to claims of ineffective assistance of appellate counsel in noncapital cases.
 
 [6]
 

 Rule 9.142 — Procedures for Review in Death Penalty Cases
 

 Rule 9.142, as amended, separates the provisions governing direct appeals, petitions for extraordinary relief, and petitions for belated appeal in death penalty cases. The amendments to rule 9.142 identify the procedures and requirements specific to the particular type of relief sought.
 

 Accordingly, we amend rules 3.850, 3.851, 9.141, and 9.142, as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on July 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 3.850. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
 

 (a) [No Change]
 

 (b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in-a-moncapital case or more than -l-year- after-the- judgment and sentence become final in-a ■capital-c-ase-in which-a-death-sentence has been imposed unless it alleges that
 

 (1) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence,_and_the_claim_is_made_witiiin_2 years of the time the new facts were or could have been discovered with the exercise of due diligence, or
 

 (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity, or
 

 (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim-based-on-this exception, shall -not be filed more than 2-year-s-after the expiration of-the-time for filing a motion-for postconviction relief.
 

 
 *739
 
 (c) Contents of Motion. The motion shall be under oath and include:
 

 (1) the judgment or sentence under attack and the court which rendered the same;
 

 (2) whether there was an appeal from the judgment or sentence and the disposition thereof;
 

 (3) whether a previous postconviction motion has been filed, and if so, how many;
 

 (4) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
 

 (5) the nature of the relief sought; and
 

 (6) a brief statement of the facts (and other conditions) relied on in support of the motion.
 

 This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. Motions shall be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2-by-ll inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.
 

 (d)-(f) [No changes]
 

 (g) Appeal; — Rehearing;—Service on Movant Parties. An appeal-may be taken to the appropriate appellate court from the order entered on.the motion as from a final judgment on application for writ of habeas corpus. — All orders denying motions-for postconvietion-relief shall include a-statement that the-movant has the-right to-appeal within 30-days of the rendition of the order. — A-petiiioner may seek a belated- appeal upon the allegation -that the petitioner timely requested -counsel to appeal the order denying petitioner’s motion for — postconviction—relief—and—counsel, through neglect, failed to do so.- The mov-ant may -file-a-motion for rehearing of any order denying a motion under — this rule within 15 days of the date of-service of the order. The clerk of the court shall promptly serve on the movant parties a copy of any order denying a motion for postconvic-tion relief or denying a motion for-rehearing addressing a motion under this rule, noting thereon the date of service by an appropriate certificate of service.
 

 (h) Rehearing. The party may file a motion for rehearing of any final order addressing a motion under this rule within 15 days of the date of service of the final order. A timely filed motion for rehearing shall toll finality of any final order addressing a motion under this rule.
 

 (i) Appeals. An appeal may be taken to the appropriate appellate court from a final order addressing a motion under this rule. All final orders addressing a motion under this rule shall include a statement that the party has the right to appeal within 30 days of the rendition of the final order. All nonfinal orders addressing motions under this rule shall include a statement that “this order is a nonfinal, nonap-pealable order.”
 

 (j) Belated Appeals. Pursuant to the terms and procedures outlined in Florida Rule of Appellate Procedure 9.141(c), a petitioner may seek a belated appeal.
 

 (k) Belated Discretionary Review. Pursuant to the terms and procedures outlined in Florida Rule of Appellate Procedure 9.141(c), a petitioner may seek belated discretionary review.
 

 <¾) (O Habeas Corpus. An application for writ of habeas corpus on behalf of a
 
 *740
 
 prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant’s detention.
 

 (m) Frivolous or Malicious Collateral Criminal Pleadings or Motions. A prisoner, who is found by a court to have brought a frivolous or malicious collateral criminal proceeding, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The prisoner may also be prohibited from filing future pro se pleadings attacking his or her conviction and sentence.
 

 Upon its own motion or on motion of a party, the court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith by issuing an order stating the essential facts constituting the frivolous or malicious nature of the collateral criminal proceeding, requiring the defendant to show cause why the prisoner should not be prevented from bringing further attacks on his or her conviction and sentence, and to explain why he or she is not abusing the legal process. The order shall allow a reasonable time for preparation and response by the prisoner, after service of the order on the prisoner. The court shall direct the clerk of the court to forward a certified copy of the order to show cause to the prisoner.
 

 Upon receipt of the prisoner’s response to the order to show cause, if any, or upon expiration of the time allowed for the prisoner’s response, the court shall determine whether the pleading or paper was frivolous or malicious. If supported by the record, the court shall enter an order with written findings that a motion for postcon-viction relief is frivolous or malicious, preventing the prisoner from bringing further attacks on his or her conviction and sentence, directing the clerk of the court not to accept any further pro se filings or pleadings concerning the subject case, further directing the clerk of the court to summarily reject any further pleadings and papers regarding the case unless that pleading or paper is filed by a member in good standing of The Florida Bar, and that a certified copy of the order be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in Chapter 944, Florida Statutes. The prisoner shall also be served with a certified copy of the written order.
 

 RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL.
 

 (a)-(e) [No changes]
 

 (f) Procedure; Evidentiary Hearing; Disposition.
 

 (l)-(7) [No changes]
 

 (8) Appeals. Any party may appeal a final order entered on a defendant’s motion for rule 3.851 relief by filing a notice of appeal with the clerk of the lower tribunal within 30 days of the rendition of the order to be reviewed. Pursuant to the procedures outlined in Florida Rule of Appellate Procedure 9.142, a prisoner under sentence of death may petition for a belated appeal.
 

 (g)-(i) [No changes]
 

 (j-)-B&lat«d Appeals. — Pursuant to the procedures-outlined in Florida Rule-of-Appellate Procedure 9.142(d), a- petitioner may seek a-belated appeal upon the- allega
 
 *741
 
 tion that the petitioner timely requested counsel-to-appeal-the order denying petitioner’s motion for — postconviction relief and counsel — through-neglect, failed to do SOt
 

 RULE 9.141. REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES; BELATED APPEALS; BELATED DISCRETIONARY REVIEW-}.INEFFEC-TIYE-A.-SSISTANCE OF APPELLATE COUNSEL
 

 (a)-(b) [No changes]
 

 (c) Petitions Seeking Belated Appeal or Belated Discretionary Review or Alleging — Ineffective Assistance of Appellate-Counsel.
 

 (1) Applicability. This subdivision governs petitions seeking belated appeals or belated discretionary review in an appellate court.
 

 44)(2) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
 

 42X3) Forum. Petitions seeking belated appeal or alleging ineffective-assistance of appellate-counsel review shall be filed in the appellate court to which the appeal was or discretionary review should have been taken. Petitions seeking belated discretionary review-or belated-appeal of a deeision-of-a distric-t-court- of appeal shall be-filed in the supreme-court.
 

 43) (4) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
 

 (A)-(E) [No changes]
 

 (F) the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal or belated discretionary review, ⅜-cluding in the case-of a petition for belated appeal as outlined below:
 

 (i) A petition seeking belated appeal must state whether the petitioner requested counsel to proceed with the ap-peak and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal. A petition seeking belated discretionary review must state whether counsel advised the petitioner of the results of the appeal and the date of any such notification, or if counsel misadvised the petitioner as to the opportunity for seeking discretionary review, or
 

 (ii) A petition seeking belated appeal or belated discretionary review must identify the circumstances unrelated to counsel’s action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner’s control and otherwise interfered with the petitioner’s ability to file a timely appeal or notice to invoke, as applicable.
 

 44) (5) Time Limits.
 

 (A) A petition for belated appeal or belated discretionary review shall not be filed more than 2 years after the expiration of time for filing the notice of appeal or-notice — to.invoke discretionary jurisdiction from a final order, unless it alleges under oath with a specific factual basis that the petitioner (i) was unaware a notice of appeal or a notice-to- invoke discretionary jurisdiction had not been timely filed or was not advised of the right to an appeal or to-seek discretionary-review pro se was otherwise prevented from timely filing the notice of appeal due to circumstances beyond the petitioner’s control^, and 4⅛) should could not have ascertained such facts by the exercise of reasonable dili
 
 *742
 
 gence. In no case shall a petition for belated appeal be filed more than 4 years after the expiration of time for filing the notice of appeal.
 

 (B) A petition alleging ineffective-assistance of appellate -counsel on direct review for belated discretionary review shall not be filed more than 2 years after the judgment-and sentence- become-final on direct review expiration of time for filing the notice to invoke discretionary review from a final order, unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the-apneal by counsebunaware such notice had not been timely filed or was not advised of the results of the appeal, or was otherwise prevented from timely filing the notice due to circumstances beyond the petitioner’s control, and that the petitioner could not have ascertained such facts by the exercise of reasonable diligence. In no case shall a petition for belated discretionary review be filed more than 4 years after the expiration of time for filing the notice to invoke discretionary review from a final order.
 

 (C) Time-periods under this subdivision shall-not begin to run prior to January-1,-1997
 

 45} (6) Procedure.
 

 (A) The petitioner shall serve copies a copy of the a petition for belated appeal on the attorney general and state attorney. The petitioner shall serve a copy of a petition for belated discretionary review on the attorney general.
 

 (B)-(D) [No changes]
 

 (d) Petitions Alleging Ineffective Assistance of Appellate Counsel.
 

 (1)Applicability. This subdivision governs petitions alleging ineffective assistance of appellate counsel.
 

 (2) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
 

 (3) Forum. Petitions alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was taken.
 

 (4) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts:
 

 (A) the date and nature of the lower tribunal’s order subject to the disputed appeal;
 

 (B) the name of the lower tribunal rendering the order;
 

 (C) the nature, disposition, and dates of all previous court proceedings;
 

 (D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
 

 (E) the nature of the relief sought; and
 

 (F) the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the alleged ineffective assistance of counsel.
 

 (5) Time Limits. A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.
 

 (6) Procedure.
 

 (A) The petitioner shall serve a copy of the petition on the attorney general.
 

 
 *743
 
 (B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
 

 (C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
 

 RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
 

 (a) Procedure in Death Penalty Appeals.
 

 (l)-(4) [No changes]
 

 (5) Petitions for Extraordinary Re-lie£ — In-death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for-writ- of habeas corpus^ shall be filed-simultaneously^-with-the-initial brief in the appeal from the lower tribunal’s order on-the-defendant’s application for relief under Florida Rule of Criminal-Procedure 3.851.
 

 (6) Scope of Review. On direct appeal infe death penalty cases, whether or not insufficiency of the evidence or proportionality is an issue presented for review, the court shall review these issues and, if necessary, remand for the appropriate relief.
 

 (b) Petitions for Extraordinary Relief.
 

 (1) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100, except as modified by this rule.
 

 (2) Contents. Any petition filed pursuant to this subdivision shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
 

 (A) the date and nature of the lower tribunal’s order sought to be reviewed;
 

 (B) the name of the lower tribunal rendering the order;
 

 (C) the nature, disposition, and dates of all previous court proceedings;
 

 (D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
 

 (E) the nature of the relief sought.
 

 (3)Petitions Seeking Belated Appeal.
 

 (A) Contents. A petition for belated appeal shall include a detailed allegation of the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the basis for entitlement to belated appeal, including whether petitioner requested counsel to proceed with the appeal and the date of any such request, whether counsel misadvised the petitioner as to the availability of appellate review or the filing of the notice of appeal, or whether there were circumstances unrelated to counsel’s action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner’s control and otherwise interfered with the petitioner’s ability to file to file a timely appeal.
 

 (B) Time limits. A petition for belated appeal shall not be filed more than 1 year after the expiration of time for filing the notice of appeal from a final order denying rule 3.851 relief, unless it alleges under oath with a specific factual basis that the petitioner
 

 (i) was unaware an appeal had not been timely filed, was not advised of the right to an appeal, was misadvised as to the right to an appeal, or was prevented from timely filing a notice of appeal due to circumstances beyond the petitioner’s control; and
 

 
 *744
 
 (ii) could not have ascertained such facts by the exercise of due diligence.
 

 In no case shall a petition for belated appeal be filed more than 2 years after the expiration of time for filing the notice of appeal.
 

 (4) Petitions Alleging Ineffective Assistance of Appellate Counsel.
 

 (A) Contents. A petition alleging ineffective assistance of appellate counsel shall include detailed allegations of the specific acts that constitute the alleged ineffective assistance of counsel on direct appeal.
 

 (B) Time limits. A petition alleging ineffective assistance of appellate counsel shall be filed simultaneously with the initial brief in the appeal from the lower tribunal’s order on the defendant’s application for relief under Florida Rule of Criminal Procedure 3.851.
 

 (b) (c) Petition Seeking Review of Nonfinal Orders in Death Penalty Post-conviction Proceedings.
 

 (l)-(ll) [No changes]
 

 fpl (d) Review of Dismissal of Post-conviction Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases.
 

 (l)-(2) [No changes]
 

 (d) Petitions Seeking Belated Appeal. A petition for belated-appeal shall not be filed more than-l-year after the expiration of-time-for filing-the-notice-of appeal from a-final — order denying-rule 3.851 relief, unless it alleges-under oath with a specific-factual basis-that-the petitioner
 

 (1) was unaware an appeal had-not-been timely filed- oi-was-not-advised of the-r-ight
 

 (2) should — not-have ascertained.such facts by the exercise- ■of-reasonable diligence.-
 

 [1]
 

 . Rule 3.85l(j), as amended, provided as follows:
 

 (j) Belated Appeals. Pursuant to the procedures outlined in Florida Rule of Appellate Procedure 9.142(d), a petitioner may seek a belated appeal upon the allegation that the petitioner timely requested counsel to appeal the order denying petitioner's motion for postconviction relief and counsel, through neglect, failed to do so.
 

 In re Amendments to Fla. Rule of Crim. Pro. 3.851 & Fla. Rule of Appellate Pro. 9.142,
 
 1 So.3d at 164.
 

 [2]
 

 . Amended rule 9.142(d) provided as follows:
 

 (d) Petitions Seeking Belated Appeal. A petition for belated appeal shall not be filed more than 1 year after the expiration of time for filing the notice of appeal from a final order denying rule 3.851 relief, unless it alleges under oath with a specific factual basis that the petitioner
 

 (1) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
 

 (2) should not have ascertained such facts by the exercise of reasonable diligence.
 

 In re Amendments to Fla. Rule of Crim. Pro. 3.851 & Fla. Rule of App. Pro. 9.142,
 
 1 So.3d at 164.
 

 [3]
 

 . The Joint Committee is composed of members of each of the aforementioned committees.
 

 [4]
 

 . As submitted by the Joint Committee, the sanction provision appeared in subdivision (0- The Court’s sua sponte amendment to the rule in adding the paragraph addressing belated discretionary review resulted in the redesignation.
 

 [5]
 

 . Subsection (1) of section 944.279 provides in pertinent part as follows:
 

 At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state ... or to have brought a frivolous or malicious collateral criminal proceeding, ... or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
 

 § 944.279(1), Fla. Stat. (2010).
 

 [6]
 

 . Rule 9.141 expressly states that it does not apply in death penalty cases. Fla. R.App. P. 9.141(a). Cases involving the death penalty are governed by rule 9.142.