ORDER ON PETITIONER’S RENEWED PETITION FOR BELATED DISCRETIONARY REVIEW AND MOTION FOR RECONSIDERATION
ALTENBERND, Judge.
This court earlier dismissed Eric Matthew Russell’s common law petition for second-tier certiorari as untimely. Mr. Russell has filed a renewed petition for belated discretionary review and motion for reconsideration. We strike the renewed petition; we grant reconsideration only to explain our reason for dismissing the original certiorari petition and to explain that a petition for belated discretionary review under Florida Rule of Appellate Procedure 9.141(c) is not available to provide untimely review of a common law petition for certiorari.
Mr. Russell was apparently charged with DUI as a second offense in county court in 2009. He entered a plea to this offense without realizing the effect it *484 would have on his commercial driver’s license. He thereafter sought relief from his plea by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. The county court denied the motion.[1]
Mr. Russell appealed to the circuit court, and it affirmed the county court’s order. He then filed a “notice of appeal” seeking review of the circuit court’s appellate decision. Because the circuit court’s order was not appealable, this court converted the proceeding to one in certiorari. See Fla. R.App. P. 9.030(b)(2)(B) (providing that the district courts of appeal have certiorari jurisdiction to review “final orders of circuit courts acting in their review capacity”); 9.040(c).
Unfortunately, the “notice of appeal” was filed beyond the thirty-day deadline for either a notice of appeal or a petition for certiorari. See Fla. R.App. P. 9.110(b), 9.100(c)(1). Accordingly, this court issued an order to show cause why the petition should not be dismissed as untimely. Mr. Russell’s attorney, apparently agreeing that the petition had been filed untimely, responded by filing a petition for belated appeal. He explained that Mr. Russell had asked him to “appeal” the circuit court’s ruling, but he had not timely filed a notice. We treated the petition as a motion and denied it, simultaneously dismissing the petition for certiorari as untimely.
Mr. Russell obtained new counsel who has filed a renewed petition for belated discretionary review[2] and motion for reconsideration. He urges us to reconsider Mr. Russell’s request for review under the provision for belated discretionary review found in rule 9.141(c). We appreciate counsel’s diligence in pursuing this matter. Unfortunately, we conclude that we have no power to grant this petition.
Rule 9.141(q) simply does not encompass second-tier certiorari because second-tier certiorari falls under neither “belated appeal” nor “belated discretionary review.”[3] We have constitutional authority to consider common law petitions for certiorari. See Art. V, § 4(b)(3), Fla. Const. When reviewing final orders of circuit courts acting in their appellate capacity, that power is recognized in rule 9.030(b)(2)(B). The common law petition for certiorari, however, is an original proceeding in a district court and is filed under Florida Rule of Appellate Procedure 9.100. Although it may function as a very narrow form of judicial review, it is not regarded as an appellate proceeding in the normal sense.[4] We simply do not read *485 rule 9.141(c) as authorizing a belated filing of a common law petition for certiorari.[5] Accordingly, we hold that we have no power to extend the time to file such an original proceeding.[6]
Motion for reconsideration granted; petition for belated discretionary review is stricken.
KHOUZAM and SLEET, JJ., Concur.

. It does not affect our decision, but it appears that he may have filed more than one postconviction motion.

. Aside from his legal argument, Mr. Russell is concerned that we rejected his earlier motion because he had sought a belated "appeal” in a certiorari proceeding. Our denial of the motion for belated appeal was not based on the terminology used by Mr. Russell.

. Prior to relatively recent amendments, rule 9.141(c) concerned petitions seeking "belated appeal” and did not mention "discretionary review.” See Fla. R.App. P. 9.141(c) (2007). However, in Sims v. State, 998 So.2d 494, 503 (Fla.2008), the Florida Supreme Court sua sponte amended rule 9.141(c) to permit a petition for belated discretionary review in the supreme court from an opinion of a district court. See also In re Amendments to Florida Rule of Appellate Procedure 9.141, 992 So.2d 233, 236 (Fla.2008) (codifying the amendment). Clearly, the amendment was intended to provide criminal defendants with a procedure for seeking belated discretionary review in the supreme court under rule 9.120.

.It is useful to recall that the right to belated appeal arose in the context of cases in which the defendant had a constitutional right to counsel. See Baggett v. Wainwright, 229 So.2d 239, 241 (Fla.1969). No such right has ever existed in the context of second-tier cer-tiorari proceedings.

. Rule 9.141(c) has been amended several times since 2008, but those changes have not broadened the intended scope of "belated discretionary review” to include a belated common law petition for certiorari to this court. See In re Amendments to the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure—Electronic Filing, 102 So.3d 451, 484-85 (Fla.2012); In re Amendments to Florida Rules of Criminal Procedure 3.850 and 3.851; Amendments to Florida Rules of Appellate Procedure 9.141 and 9.142, 72 So.3d 735, 741 (Fla.2011); In re Amendments to Florida Rule of Appellate Procedure 9.141, 1 So.3d 168, 169-70 (Fla.2009).

. By so holding, we have rendered an order that may be challenged by petition for writ of mandamus in the supreme court. If we actually have power to consider the merits of the petition for belated discretionary review and have misunderstood our power, the supreme court could issue a writ of mandamus compelling us to consider this petition. See Woods v. State, 17 So.3d 707 (Fla.2009) (table decision).